UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANTHONY EUGENE LEWIS,<br><br>  Plaintiff,<br><br>  v.<br><br>WESTERN STATE HOSPITAL, et al.,<br><br>  Defendants. | Case No. C19-5946-BHS-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for November 1, 2019 |

Plaintiff Anthony Eugene Lewis is currently confined at Western State Hospital in Lakewood, Washington. He has submitted to this Court for filing a civil rights complaint under 42 U.S.C. §1983 which includes a request for counsel, and an application to proceed with this action *in forma pauperis* ("IFP") (Dkts. 1, 1-1.). Plaintiff also submitted with his complaint an emergency motion requesting preliminary injunctive relief. (Dkt. 1-2.).

Plaintiff complains about his involuntary commitment to Western State Hospital (WSH) for competency restoration prior to trial on his pending criminal charges, ongoing "astral/sexual/assault", a physical strike by a WSH staff member, involuntary medication at WSH, and involuntary blood draws at WSH. *Id.*

Plaintiff identifies WSH, "Anthony" a mental health technician at WSH, and Dr. Junko Yasuda-Free, a psychiatrist at WSH, as defendants in his complaint. Dkt. 1-1. As relief, plaintiff requests "a temporary or permanent restraining order to (stop) Western State Hospital staff from involuntarily forced medication and blood draw and to release me back to King County Jail.

With an order to deem me competent to stand trial and immediately allow me the right to proceed to trial past my (60) day speedy trial right…and release per policy CPR 3.2 pending (72) investigation filing of civil commitment charges … and again allow me the right to be deemed competent to testify at a civil commitment hearing OR dismiss charges and release me with a letter of apology. I also ask for appointment of counsel to investigate and act as an arbitrator and whatever money damages this court will deem appropriate against my pain and suffering." In his motion requesting preliminary injunctive relief, plaintiff asks the Court to stop the "use of force medication" and blood draws and order his removal from WSH and that he be returned to King County Jail to proceed to trial. Dkt. 1-2.

A.      **Claims Related to Ongoing State Criminal Action**

Having screened plaintiff's complaint as required under 28 U.S.C. § 1915A, the Court finds plaintiff's claims regarding his involuntary commitment, involuntary medication, and involuntary blood draws at Western State Hospital (WSH) are all integrally related to his ongoing state criminal proceedings. Accordingly, the Court should abstain from considering these claims pursuant to *Younger v. Harris*, 401 U.S. 37, 45, 46 (1971).

The Court is required to consider the complaint under 28 U.S.C.A. § 1915A:

> **(a) Screening.**--The court shall review, *before docketing*, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> **(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
> **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> **(2)** seeks monetary relief from a defendant who is immune from such relief.

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, though, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGucken v. Smith*, 974 F.2d 1050,

REPORT AND RECOMMENDATION - 2

1055 (9th Cir. 1992); *see also Sparling v. Hoffman Constr., Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981).

Generally, federal courts will not intervene in a pending criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger v. Harris*, 401 U.S. 37, 45, 46 (1971). The *Younger* abstention doctrine requires that a district court abstain from deciding issues raised in a federal action if state proceedings are (1) ongoing, (2) implicate important state interests, and (3) afford the plaintiff an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001) (citation omitted). Federal courts, however, do not invoke the *Younger* abstention if there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982). *Younger* principles apply to actions at law as well as for injunctive or declaratory relief because a determination that the federal plaintiff's constitutional rights have been violated would have the same practical effect as a declaration or injunction on pending state proceedings. *Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004).

1    Applying the *Younger* criteria to plaintiff's claims regarding involuntary commitment,
2 involuntary medication, and involuntary blood draws at WSH, shows that plaintiff cannot
3 proceed in federal court. Plaintiff acknowledges that he was committed to WSH and medication
4 administered for the express purpose of restoring his competency prior to trial on his pending
5 criminal charges. Dkt. 1-1. Plaintiff, in fact, attaches a copy of the King County Superior Court
6 order indicating that the plaintiff is charged with Felony Indecent Exposure (prior offense) with
7 Sexual Motivation and authorizing WSH to administer involuntary medication in order to render
8 plaintiff competent to stand trial on his criminal charges. Dkt. 1-1, at 24-25.

9    It is clear from the complaint that plaintiff's state court criminal case is ongoing, involves
10 a criminal prosecution that implicates important state interests, and there is nothing to indicate
11 that plaintiff would be prevented from raising in his state court criminal case the same claims he
12 raises in the present complaint in federal court. Plaintiff also does not allege facts to support a
13 claim of bad faith, harassment, or other extraordinary circumstance, that would make abstention
14 inappropriate here. Therefore, it appears that these claims would unduly interfere with the state
15 criminal proceeding and the Court should abstain from deciding these claims pursuant to
16 *Younger*. Moreover, given the nature of plaintiff's claims, it appears amendment would be futile.
17 Accordingly, the Court should dismiss these claims without prejudice pursuant to *Younger*. The
18 Court should also deny plaintiff's motion for preliminary injunctive relief (Dkt. 1-2) as moot in
19 light of the recommended dismissal of these claims.

20 **B.    Three Strikes - 28 U.S.C. § 1915(g)**

21    Plaintiff also claims he was struck on one occasion in August 2019 by a member of WSH
22 staff, that his thumbs were "sprang" during one of his blood draws, and that he is the subject of
23 "astral/sexual/assaults" by "unseen/ghost/poltergeist." Dkt. 1-1. With respect to these remaining

REPORT AND RECOMMENDATION - 4

1  claims, plaintiff's motion to proceed *in forma pauperis* should be denied pursuant to 28 U.S.C. §

2  1915(g).

3  Pursuant to 28 U.S.C. § 1915(g), a prisoner may not proceed *in forma pauperis* in a civil

4  action if he or she has, on three or more prior occasions, brought civil actions or appeals that

5  were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon

6  which relief may be granted, unless the prisoner is under imminent danger of serious physical

7  injury.

8  A review of plaintiff's litigation activities in this Court reveals that plaintiff has filed 19

9  prior actions in this Court and that he has accumulated at least four "strikes" under § 1915(g)

10  over the years. *See Lewis v. United States Surgeon General*, C19-878-MJP (W.D. Wash.,

11  dismissed July, 9, 2019); *Lewis v. King County Department of Risk Management Division*, C18-

12  1798-RSM (W.D. Wash., dismissed Feb. 22, 2019); *Lewis v. King County*, C09-1039-RSL

13  (W.D. Wash., dismissed Feb. 8, 2010); *Lewis v. King County*, C01-1246-JCC (W.D. Wash.,

14  dismissed Jan. 23, 2002).

15  Plaintiff brought two additional actions in which he was denied leave to proceed *in forma*

16  *pauperis* based on the three strikes rule of 28 U.S.C. § 1915(g). *See Lewis v. King County*, C19-

17  797-JCC (W.D. Wash., dismissed July 12, 2019); *Lewis v. Vail*, C10-267-RSL (W.D. Wash.,

18  dismissed May 11, 2010). Plaintiff also brought a prior action raising several of the same or

19  similar claims as are raised in the instant complaint including "involuntary commitment to

20  Western State Hospital ('WSH') for competency restoration, ongoing 'astral/sexual/assaults' at

21  WSH, [and] a physical strike by a WSH staff member." *Lewis v. United States Western District*

22  *Court at Seattle*, C19-1295-MJP (W.D. Wash., Report and Recommendation issued Sept. 20,

23  2019). In that action, Magistrate Judge Mary Alice Theiler issued a Report and Recommendation

24

25

REPORT AND RECOMMENDATION - 5

1  on September 20, 2019, recommending that plaintiff be denied leave to proceed *in forma*

2  *pauperis* based on the three strikes rule. *Id.* Judge Theiler's Report and Recommendation is

3  currently pending consideration before the District Judge. *Id.*

4        Because plaintiff has accumulated over three strikes, he may not proceed with this action

5  without prepayment of the full filing fee unless he shows that he was "under imminent danger of

6  serious physical injury" at the time his complaint was filed. 28 U.S.C. § 1915(g); *Andrews v.*

7  *Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). Prisoners qualify for the imminent danger

8  exception based on the alleged conditions at the time the complaint is filed. *Cervantes*, 493 F.3d

9  at 1052.

10        The imminent danger exception requires a prisoner allege a danger which is "ready to

11  take place" or "hanging threateningly over one's head." *Cervantes*, 493 F.3d at 1056 (internal

12  citations omitted). The Ninth Circuit has held "requiring a prisoner to 'allege ongoing danger . . .

13  is the most sensible way to interpret the imminency requirement.'" *Id.* (quoting *Ashley v.*

14  *Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998)). Additionally, the plaintiff must make specific or

15  credible allegations showing the threat to them is real and proximate. *Cervantes*, 493 F.3d at

16  1053 (citing *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002); *Kinnell v. Graves*, 265 F.3d

17  1125, 1128 (10th Cir. 2001)).

18        Plaintiff, in his complaint, alleges he was struck on one occasion in August by a member

19  of WSH staff and that his thumbs were "sprang" during one of his blood draws. *Id.* However,

20  these alleged events occurred in the past and plaintiff fails to make a credible showing that he

21  was under imminent danger of serious physical injury at the time he filed his complaint in this

22  action and, thus, he has not satisfied the exception to the § 1915(g) bar. *See Cervantes*, 493 F.3d

23  at 1052; *Tia v. CCA, Inc.*, No. C17-00097 LEK-KSC, 2017 WL 937142, at *1 (D. Haw. Mar. 9,

24

25

2017) ("Claims of 'imminent danger of serious physical injury' cannot be triggered solely by complaints of past abuse."); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Williams v. Dep't of Justice, Bureau of Criminal Info & Analysis*, No. C18-02095-CAB-MDD, 2018 WL 5630514, at *2 (S.D. Cal. Oct. 31, 2018) ("Plaintiff's claims of past danger and a nondescript 'recent assault' […] are insufficient to satisfy § 1915(g)'s 'imminence' requirement.").

Plaintiff also complains of "astral/sexual/assaults" by "unseen/ghost/poltergeist. Dkt. 1-1. Based on plaintiff's description, it appears that this phenomenon is an internal stimuli plaintiff experiences rather than an observable physical act or omission of the defendant(s). The Court is not persuaded that the phenomenon described by plaintiff is sufficient to satisfy the imminent danger exception to the § 1915(g) bar.[1] *See Lewis v. King County*, C19-797-JCC (W.D. Wash., dismissed July 12, 2019) (also finding plaintiff's claims of "astral/sexual/assaults" insufficient to satisfy the imminent danger exception to the § 1915(g) bar); *Pauline v. Mishner*, 2009 WL 1505672, at *3 (D. Haw. May 28, 2009) ("Plaintiff's vague and conclusory allegations of possible future harm to himself or others are insufficient to trigger the 'imminent danger of serious physical injury' exception to dismissal under § 1915(g)."). This Court therefore concludes that plaintiff is ineligible to file this lawsuit in federal court without paying the $350.00 filing fee plus a $50.00 administrative fee (for a total of $400.00).

Accordingly, this Court recommends that plaintiff's application to proceed *in forma pauperis* be denied with respect to his remaining claims. This Court further recommends that plaintiff be directed to pay the filing fee within thirty (30) days of the date on which this Report and Recommendation is adopted, and that this action be terminated if plaintiff fails to do so.

---

[1] The Court also notes that plaintiff fails to identify a proper defendant or state actor he believes to be responsible for this phenomenon.

Finally, this Court recommends that plaintiff's request for counsel contained within his complaint (Dkt. 1-1) be denied as moot. If plaintiff pays the filing fee as provided above, he may re-file this motion if appropriate.

## CONCLUSION

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRC P 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration on **November 1, 2019**, as noted in the caption.

Dated this 16th day of October, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge